**Explanatory Comment**

In 2014, the Supreme Court of Pennsylvania made efforts to reduce the inventory of civil cases on the dockets of the Courts of Common Pleas. To expedite that process, it suspended Rule 230.2 governing the termination of inactive cases. Originally adopted in 2003, Rule 230.2 implemented the general policy provisions of Rule of Judicial Administration 1901(a) governing the prompt disposition of matters and the termination of inactive cases. While Pa.R.J.A. No. 1901(a) provided general guidelines for conducting an administrative purge, Rule 230.2 set forth a procedural mechanism for a court to perform an administrative purge of cases that had remained on the civil docket for two or more years with no evidence of any activity.

The Court has amended and reinstated Rule 230.2. The amendments have streamlined the procedure for the trial court to conduct an administrative purge of inactive cases, and are intended to ensure that the civil dockets reflect the current inventory of active cases, while encouraging attorneys to expeditiously litigate their cases.

Several concerns with the suspended Rule 230.2 were identified. The suspended rule did not specify how often a court should conduct an administrative purge; it only provided a procedure should a court decide to conduct an administrative purge. In order to ensure that the civil case inventory is accurate, the amendment of subdivision (a) requires a court to conduct an administrative purge at least once a year. The court is also required to report such information to the Court Administrator of Pennsylvania with a form supplied by the Administrative Office of Pennsylvania Courts.

A second problem identified with suspended Rule 230.2 was the provision for service of the notice of proposed termination in subdivision (b). In subdivision (b)(1), the suspended rule required service of the notice of proposed termination on counsel of

record or unrepresented parties at least sixty days prior to the date of termination. To expedite the process, the amendment of subdivision (b)(1) shortens that time frame and require the notice to be served to at least thirty days prior to the date of termination.

The suspended rule did not provide for modern, efficient methods for giving notice to counsel or unrepresented parties that cases were identified as having no activity on the docket for the previous two years. Subdivision (b)(2) of the suspended rule provided for the notice to be served by mail pursuant to Rule 440 at the last address of record. In the event that the notice was returned, publication was required in the legal publication designated by the court for such notices. In conjunction with the shortened time frame in subdivision (b)(1), the amendment of subdivision (b)(2) updates the method for giving notice by allowing the notice to be served electronically pursuant to Rule 205.4 governing electronic filing. The ability to serve notice by mail pursuant to Rule 440 has been retained, but publication in the legal journal when a notice has been returned has been eliminated.

A third problem identified with suspended Rule 230.2 was the filing of statements of intention to proceed in order to keep a case active, but then not requiring any further obligation on counsel or an unrepresented party to move the case forward to resolution. Subdivision (c) of the suspended rule required an attorney or unrepresented party to file a statement of intention to proceed before the termination date stated in the notice in order to prevent the purging of the case from the docket. If no statement of intention to proceed was filed, the prothonotary was directed to enter an order terminating the matter for failure to prosecute. In the newly amended rule, this provision has been retained. However, new subdivision (h) encourages the trial court to manage its cases by scheduling a status conference and establishing appropriate timelines to insure a timely and efficient disposition of the case.

2

Importantly, the amendment of Rule 230.2 retains the post-termination procedure set forth in subdivision (d) of the suspended rule, which allows a party to petition the court to reinstate the action. The suspended rule provided certain requirements for reinstatement depending whether the petition is filed within thirty days or beyond thirty days. While the requirements remain unchanged, subdivision (d) has been amended to provide for sixty days rather than thirty days. New subdivision (e), however, limits reinstatements of a case. If any case, previously reinstated, is terminated pursuant to this rule, then it is terminated with prejudice. No additional reinstatements will be granted. This provision is intended to encourage the efficient litigation of cases and to not let them languish on the docket.

By the Civil Procedural
Rule Committee

Peter J. Hoffman
Chair